# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brandon Land,<br><br>            Plaintiff,<br><br>v.<br><br>SCG Northpointe LLC,<br><br>            Defendant. | No. CV-23-00370-TUC-JCH<br><br>**ORDER** |

On February 22, 2024, the Court granted Plaintiff's counsel's Motion to Withdraw. (Doc. 12.) Counsel indicated that despite negotiating a successful settlement, he was unable to obtain Plaintiff's signature because Plaintiff had become incommunicado. (*Id.*) The Court sent the Order on the Motion to Withdraw to Plaintiff's address, and ordered Plaintiff to inform the Court in writing why this matter should not be dismissed by March 5, 2024. (*Id.*) The deadline has passed and Plaintiff has filed nothing.

When "determining whether to dismiss a case for failure to comply with a court order the district court must weigh five factors including: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992), *as amended* (May 22, 1992) (citations and quotation marks omitted).

The Court finds overall this matter should be dismissed. The public policy favoring merits determinations always weighs against dismissal. In addition, Defendant

would not necessarily be prejudiced should litigation continue, as the parties have agreed to settlement. But Plaintiff filed a notice of settlement October 20, 2023 (Doc. 6), and has failed to follow through with finalizing settlement. This has completely halted resolution of this litigation and hindered the Court's ability to manage its docket. Furthermore, the Court has attempted the less drastic measure of issuing an order to show cause to no avail.

Accordingly, IT IS ORDERED this case is DISMISSED. The Clerk of Court shall docket accordingly and close the case file in this matter.

Dated this 13th day of March, 2024.

John C. Hinderaker
United States District Judge